[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12721

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL MORGAN DIETCH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:16-cr-00123-CEM-RMN-1

_____

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Michael Dietch, a federal prisoner proceeding *pro se*, appeals from the district court's denial of his third motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  He argues that: (1) the court improperly gave weight to his intervening 28 U.S.C. § 2255 motion, focused almost exclusively on his offense conduct, and disregarded his arguments about his deteriorating health; and (2) this Court should reassign his case to another judge.  After careful review, we affirm.

We review an order granting or denying a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) for abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.  *Id.*

District courts lack the inherent authority to modify a defendant's sentence, *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015), but may do so under 18 U.S.C. § 3582(c).  A district court may reduce a term of imprisonment under § 3582(c)(1)(A) if (1) the 18 U.S.C. § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and (3) doing so would not endanger any person or the community within the meaning of U.S.S.G. § 1B1.13's policy statement.  *United*

*States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).[1] While district courts need not address these three conditions in a specific sequence, as the absence of even one forecloses a sentence reduction, *id.* at 1237–38, they are required "to weigh and balance [these] considerations in the first instance," *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021).

A district court need not explicitly discuss each of the § 3553(a) factors nor all the defendant's mitigating evidence when conducting its § 3553(a) analysis. *Tinker*, 14 F.4th at 1241. Further, a district court, when considering the § 3553(a) factors, need not "articulate [its] findings and reasoning with great detail," *Cook*, 998 F.3d at 1185 (quoting *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (*en banc*)), but when it considers the § 3553(a) factors in the context of a motion under § 3582(c)(1)(A)(i), "it must ensure that the record reflects that it considered the [applicable] § 3553(a) factors," *id.* (quotations omitted). While all the § 3553(a) factors must be considered, the weight given to each § 3553(a) factor "is committed to the sound discretion of the district court," and "a district court may attach great weight to one § 3553(a) factor over

---

[1] The § 3553(a) sentencing factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant; (3) the kinds of sentences available; (4) the applicable Guidelines range; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a)(1)-(7).

others." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). However, a district court abuses its discretion in considering the § 3553(a) factors "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Irey*, 612 F.3d at 1189.

Here, the district court did not abuse its discretion in denying Dietch's third motion for compassionate release based on its consideration of the § 3553(a) factors, which it was permitted to do. *Tinker*, 14 F.4th at 1241. In its order, the district court described Dietch's offense conduct in detail, explaining that Dietch was a doctor who prescribed Oxycodone, Fentanyl, and Hydromorphone -- highly addictive drugs prone to abuse -- to patients outside the usual course of professional practice and for non-legitimate medical purposes. By focusing on the seriousness of Dietch's offense, the court considered a variety of the § 3553(a) factors, including the nature and circumstances of the offense, the need to protect the public, the need to afford adequate deterrence, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(1), (2). Under our case law, the court acted well within its discretion in considering these factors -- implicitly or explicitly -- and in placing great weight on Dietch's misconduct. *See Cook*, 998 F.3d at 1185; *Butler*, 39 F.4th at 1355; *Tinker*, 14 F.4th at 1241.

To the extent Dietch claims that the district court "outright ignored" his health conditions, the court was not required to explicitly discuss the mitigating evidence, nor does this compel the conclusion that the court disregarded that evidence. *See Tinker*, 14 F.4th at 1241. Further, to the extent Dietch argues that the district court essentially penalized him for filing a 28 U.S.C. § 2255 motion to vacate his convictions and sentences, the language of the order does not support this claim. The district court merely observed that Dietch recently had filed a 28 U.S.C. § 2255 motion challenging his guilty plea, which was inconsistent with his position in the instant motion for compassionate release, where he claimed acceptance of responsibility. However, the court did *not* say that it was basing its decision to deny his compassionate release motion on this filing. Rather, it said that it was denying relief based on "the necessary criteria in the applicable § 3553(a) factors" and that its decision was consistent with its reasoning in its prior order denying compassionate release, which was issued *before* the filing of his § 2255 motion.

In short, the district court did not abuse its discretion in denying Dietch's motion for compassionate release. Moreover, because we affirm the denial of Dietch's motion for compassionate release, we do not reach his argument that his case should be reassigned. Accordingly, we affirm.

**AFFIRMED.**